**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:14CV371-RJC-DSC**

| | |
|---|---|
| **BILLY JOE NEWTON,** )<br>　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　)<br>　　vs.　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>**CAROLYN W. COLVIN,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>　　　　**Defendant.** )<br>_____) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

　　**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #11) and "Memorandum ..." (document #12), both filed December 5, 2014, and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum … in Support ..." (document #16), both filed March 5, 2015.

　　On March 19, 2015, Plaintiff filed his "Reply …" (document #17).

　　On March 27, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

　　On April 8 and 22, 2015, the parties filed their supplemental briefs. See documents ## 19 and 20.

　　This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

　　Having considered the written arguments, administrative record, and applicable authority,

1

the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

In May 2011, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of March 10, 2011. (Tr. 10, 180-90, 99, 202-03).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on April 5, 2013. (Tr. 62-85).

On May 17, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 10-19). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 10). The ALJ also found that Plaintiff suffered from "status post-stroke," which was a severe impairment within the meaning of the regulations <u>id.</u>, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 12-13).

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] limited to simple, routine, repetitive tasks involving one-to-two step

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or

instructions, occasional sitting, and avoiding exposure to unprotected heights or dangerous machinery. (Tr 14). The ALJ then found that Plaintiff could not perform his past relevant work as a sheeter machine operator. (Tr. 18).

The ALJ then shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical, the Vocational Expert ("V.E.") identified jobs (machine tender, bench hand, and assembler) that Plaintiff could perform. The V.E. also stated that 8,800 of those jobs existed in North Carolina. (Tr. 18-19). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 19).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated May 1, 2014, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5).

Plaintiff filed the present action on July 7, 2014. He assigns error to the ALJ's formulation of his RFC and particularly to the ALJ's failure to assess his capacity to perform relevant functions despite contradictory evidence in the record. See Plaintiff's "Supplemental Memorandum ..." at 1-3 (document #19). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

---

pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v.

4

Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In its recent decision in Mascio, supra, the Fourth Circuit held that "remand may be

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Applying those legal principles to the record in this case, the Court concludes that this matter should be remanded for a new hearing. The ALJ did not address the evidence related to Plaintiff's headaches, numbness, dizziness, ataxia, or weakness in his arms and legs. The ALJ discussed Plaintiff's hospitalization, physical therapy records, opinions from treating physicians, and testimony from Plaintiff and his children. However, the ALJ did not specify which physicians' opinions he was referencing. The ALJ failed to mention that Plaintiff's treating physicians repeatedly noted his symptoms of dizziness, weakness, headaches, and trouble concentrating, for which they recommended treatment. While the ALJ concluded that Plaintiff could perform various functions, he failed to state how Plaintiff could perform during a full day of work. In short, the ALJ failed to explain how Plaintiff could work for a full day despite suffering from the symptoms noted above. Failure to explain this apparent contradiction requires remand under Mascio, 780 F.3d at 636.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #15) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

7

for the parties; and to the Honorable Robert J. Conrad, Jr.

       **SO RECOMMENDED AND ORDERED**.

                  Signed: April 29, 2015

                  David S. Cayer
                  United States Magistrate Judge