IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-371-RJC-DSC

| | |
|---|---|
| BILLY JOE NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Supporting Brief, (Doc. No. 12); Defendant's Motion for Summary Judgment, (Doc. No. 15), and Supporting Brief, (Doc. No. 16); Plaintiff's Response to Defendant's Motion for Summary Judgment, (Doc. No. 17); Plaintiff's Supplemental Brief as to Defendant's Motion for Summary Judgment, (Doc. No. 19); Defendant's Supplemental Brief as to Defendant's Motion for Summary Judgment, (Doc. No. 20); the Magistrate Judge's Memorandum & Recommendation ("M&R"), (Doc. No. 21); and the Defendant's Objection to the Magistrate's M&R, (Doc. No. 23).

In the M&R, the Magistrate Judge recommended that: Plaintiff's Motion for Summary Judgment be granted; Defendant's Motion for Summary Judgment be denied; the Commissioner's decision be reversed; and the matter be remanded for further proceedings. Defendant filed an Objection to the M&R of the Magistrate Judge on May 11, 2015. It is ripe for review.

I.  BACKGROUND

In May 2011, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of March 10, 2011. (Tr. 10, 180-90, 99, 202-03). Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on April 5, 2013. (Tr. 62-85).

On May 17, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 10-19). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 10). The ALJ also found that Plaintiff suffered from "status post-stroke," which was a severe impairment within the meaning of the regulations, id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 12-13).

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] limited to simple, routine, repetitive tasks involving one-to-two step instructions, occasional sitting, and avoiding exposure to unprotected heights or dangerous machinery. (Tr 14). The ALJ also found that Plaintiff could not perform his past relevant work as a sheeter machine operator. (Tr. 18).

The ALJ then shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical, the Vocational

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).
[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Expert ("V.E.") identified jobs (machine tender, bench hand, and assembler) that Plaintiff could perform. The V.E. also stated that 8,800 of those jobs existed in North Carolina. (Tr. 18-19). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 19).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated May 1, 2014, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5). Plaintiff filed the present action on July 7, 2014. He assigns error to the ALJ's formulation of his RFC and particularly to the ALJ's failure to assess his capacity to perform relevant functions despite contradictory evidence in the record. See (Doc. No. 19).

## II.  STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

## III.  DISCUSSION

The Defendant objects to the Magistrate Judge's finding that the ALJ improperly assessed Mr. Newtown's RFC, and that this case must be remanded under Mascio v. Colvin, 780

3

F.3d 632 (4th Cir. 2015). In particular, the Defendant contends that: (1) the Magistrate Judge fails to distinguish between subjectively reported symptoms and functional limitations; (2) the Magistrate Judge erroneously stated that the ALJ did not address functional limitations implicated by the Plaintiff's subjectively reported symptoms; and (3) the Magistrate Judge incorrectly argued that the ALJ did not specify which physicians' opinions he was referencing, and even if that were true, it would not constitute an error, much less a reversible error.

1. Subjectively reported symptoms

The Defendant asserts that the Magistrate Judge fails to distinguish between subjectively reported symptoms, which require the ALJ to perform a credibility determination, and functional limitations. (Doc. No. 23 at 3). Defendant claims that Mascio does not address subjectively reported symptoms when requiring ALJ analysis of functional limitations, and therefore argues that remand is not required.

Mascio holds that remand may be appropriate "where an ALJ fails to asses a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (citing Cichocki v. Astrue, 739 F.3d 172, 177 (per curiam)). The ALJ's assessment, used to determine the claimant's RFC, must "include a narrative discussion describing how the evidence supports each conclusion." Id. (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). In cases where the claimant has alleged symptoms, the RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical evidence and other evidence, including the individual's complaints of pain and other symptoms." SSR 96-8p, 61 Fed. Reg. 34,474, 34,478 (July 2, 1996). Therefore, here the Magistrate Judge correctly applied Mascio and found that the ALJ must address evidence of the Claimant's subjectively reported symptoms.

4

2. Functional limitations

Defendant also asserts that the Magistrate Judge erroneously claimed that the ALJ did not address all of the functional limitations related to Plaintiff's subjectively reported symptoms. While Mascio does not adopt a *per se* rule requiring remand in the case of an absent or deficient function-by-function assessment, it still requires an analysis that allows the court to meaningfully review the ALJ's decision. See Mascio, 780 F.3d at 636. The Court in Mascio was particularly concerned with the ALJ's failure to discuss the claimant's ability to perform relevant functions for a full workday. Id.

Here, the ALJ similarly failed to provide analysis sufficient to allow for meaningful review. While the decision did mention symptoms of "dizziness, weakness, headaches, and trouble concentrating," (Doc No. 21 at 6), when assessing the Plaintiff's functional limitations, it did not address conflicting evidence in the record, nor did it discuss the Plaintiff's ability to perform relevant functions for a full workday. See (Tr. 14-17). The ALJ mentioned subjectively reported symptoms such as dizziness and weakness; however, he concluded that the Plaintiff was not credible because clinical evidence did not support all of his symptoms. See, e.g., (Tr. 15) (finding that claimant's reports of significant dizziness and ataxia were not credible because he was alert, oriented, and in no acute distress). The ALJ failed to note the multiple instances where treating physicians credited the Plaintiff's reports of symptoms, and recommended treatment accordingly. See, e.g., (Tr. 443-44, 464, 476, 487, 490-91). The ALJ must address this conflict in the record. Mascio, 780 F.3d at 636; SSR 96-8p, 61 Fed. Reg. 34,474, 34,478 (July 2, 1996). The ALJ must also address the Plaintiff's ability to perform sustained work activities on a regular basis. Mascio, 780 F.3d at 636; SSR 96-8p, 61 Fed. Reg. 34,474, 34,478 (July 2, 1996). The inadequacies of the ALJ's analysis require remand. See Mascio, 780 F.3d at 636-37.

5

3. Physicians' opinions

Finally, Defendant claims the Magistrate Judge incorrectly argued that the ALJ did not specify which physicians' opinions he was referencing, and even if that were true, it would not constitute an error, much less a reversible error. The Defendant correctly notes that the ALJ stated either an exhibit number or the date of Plaintiff's visit, which clarifies to which physicians' opinions he was referencing. (Doc. No. 23 at 7-8); see (Tr. 14-17). However, this case still requires remand due to the insufficiency of the ALJ's function-by-function analysis.

**IV. CONCLUSION**

Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M&R.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment is **GRANTED**;
2. Defendant's Motion for Summary Judgment is **DENIED**;
3. The Commissioner's decision is **REVERSED**; and
4. This matter is **REMANDED** for further proceedings consistent with this decision.

Signed: July 20, 2015

Robert J. Conrad, Jr.
United States District Judge

6